IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD F. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIV-09-520-HE |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
|   Commissioner of Social Security | ) |
|    Administration, | ) |
| | ) |
| Defendant. | ) |

<u>REPORT AND RECOMMENDATION</u>

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his concurrent applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings.

1

I. Background

On March 17, 2005, Plaintiff filed his applications for benefits and alleged that he became disabled on August 30, 2004, due to fibromyalgia, rheumatoid arthritis, lupus, degenerative disc disease, and resulting symptoms. (TR 102, 121, 149-150). Plaintiff described previous work as a commercial artist which ended in August 2004 when Plaintiff stopped working, allegedly due to fatigue, nausea, dizziness, irritability, and poor concentration. (TR 150-151, 156-159, 174-178). Plaintiff's applications were denied initially and on reconsideration. (TR 98-101). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Thompson on February 20, 2007. (TR 40-81). At this hearing, Plaintiff appeared *pro se*, after waiving his right to representation, and testified. Following this hearing, ALJ Thompson issued a decision finding that Plaintiff did not have a severe impairment and was therefore not disabled within the meaning of the Social Security Act.[1] (TR 281-288). Plaintiff requested review of this decision by the agency's Appeals Council, and the Appeals Council vacated the hearing decision and remanded the case for further administrative proceedings. (TR 290-292).

A second hearing *de novo* was conducted before Administrative Law Judge Parrish ("ALJ") on October 8, 2008, at which Plaintiff, appearing with counsel, and a vocational expert ("VE") testified. (TR 82-97). Subsequently, the ALJ issued a decision on December

---

[1]The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 1382c(a)(3)(A).

11, 2008, in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 14-23). The Appeals Council declined to review this decision (TR 6-8), and Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

III. ALJ's Decision

Following the well-established, five-step sequential evaluation process, 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f) (2009), the ALJ found at step one that Plaintiff had not

3

engaged in substantial gainful activity since his alleged disability onset date of August 30, 2004, and that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2008. (TR 16). At step two, the ALJ summarized the medical evidence in the record and found that Plaintiff had severe impairments due to lupus, degenerative disc disease of the spine, panic disorder, and generalized anxiety disorder. (TR 16-19). At the third step, the ALJ found that Plaintiff did not have an impairment that medically satisfied or equaled the listings for musculoskeletal impairments or mental impairments and therefore could not be deemed disabled *per se*. (TR 19-20).

At step four, the ALJ essentially adopted the exertional limitations set forth in a written residual functional capacity ("RFC") assessment submitted by Plaintiff at the supplemental hearing. This RFC assessment was completed by Plaintiff's treating physician, Dr. Leckman, and dated September 3, 2008. (TR 363-369). The ALJ found at step four that Plaintiff had the RFC to perform work at the light exertional level allowing him to alternate sitting and standing and which did not require standing more than 2 hours in an 8-hour day, more than limited reaching in all directions, more than occasionally climbing stairs, balancing, stooping, kneeling, crouching, or crawling, or concentrated exposure to extreme cold, heat, wetness, or hazards such as moving machinery and heights. (TR 20). Additionally, the ALJ found that the work could not require more than limited social interaction with the general public. (TR 20). In connection with the step four finding, the ALJ considered the credibility of Plaintiff's allegation of disabling pain and nonexertional limitations and found that Plaintiff's allegations were not entirely credible because the allegations were not

consistent with the medical evidence or Plaintiff's statements concerning his daily activities. (TR 21-22). In light of the RFC assessment and considering the VE's testimony at the supplemental hearing, the ALJ found that Plaintiff could perform the requirements of his previous jobs as a commercial artist, graphic designer, silk screen press operator, and typesetter. (TR 22). Alternatively, again relying on the VE's testimony, the ALJ found that Plaintiff had the RFC to perform other work available in the economy, including the jobs of galley stripper and print examiner. (TR 22).

IV. <u>ALJ's Treatment of Consultative Pscyhological Examiner's Statement</u>

Plaintiff contends that the ALJ erred in failing to properly analyze a statement made by the consultative psychological examiner, Dr. Lynch, that he believed it was unlikely Plaintiff could "sustain the pace or focus needed for stable employment." An ALJ must give controlling weight to a well-supported treating physician's opinion about the nature and severity of a claimant's impairments, so long as the opinion is consistent with other substantial evidence in the record. <u>Castellano v. Secretary of Health & Human Servs.</u>, 26 F.3d 1027, 1029 (10th Cir. 1994). An opinion proffered by a physician is one which "reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions." <u>Id.</u> at 1029. <u>See</u> 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). On the other hand, a physician's opinion that a claimant is disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner.]" <u>Id.</u>

Other physicians' opinions are not entitled to controlling weight, and the ALJ need

not give specific reasons for giving lesser weight to non-treating physicians' opinions. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). However, the ALJ is required to consider the opinions of non-treating physicians and to provide specific, legitimate reasons for rejecting such opinions. Id. (citing 20 C.F.R. §§ 404.1527(d), 416.927(d); Social Security Ruling 96-5p, 1996 WL 374183, *1, and Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)).

Dr. Lynch examined Plaintiff for the agency on March 20, 2008. As the ALJ noted in his decision summarizing the report of this consultative examiner, Dr. Lynch found that Plaintiff exhibited anxiety symptoms due to his fears and concerns about his health. (TR 18, 338). In his report, Dr. Lynch stated that

> [o]verall [Plaintiff] presents with symptoms of ongoing pain and discomfort second [sic] to Fibromyalgia, Lupus, and degenerative disc disease. In talking with this gentleman he showed symptoms of anxiety during our interview. I feel this part of his presentation has not been adequately addressed or treated, therefore I believe that it is unlikely that he could sustain the pace or focus needed for stable employment.

(TR 338). Plaintiff asserts that the ALJ erred because the ALJ failed to evaluate Dr. Lynch's opinion employing the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927[2] and failed to provide specific reasons for rejecting this opinion.

---

[2] These factors "include the length and nature of the treatment relationship, frequency of examinations, the degree to which the opinion is supported by relevant evidence, the opinion's consistency with the record as a whole, and whether the opinion is that of a specialist." Hamlin, 365 F.3d at 1215 n. 7.

Dr. Lynch was a one-time consultative psychological examiner. Thus, he was not a treating physician, and the ALJ's failure to assess Dr. Lynch's opinion in light of the factors set forth in 20 C.F.R. § 404.1527(d) and 416.927(d) was not error. Given the ALJ's reference to Dr. Lynch's report in the decision, it is obvious the ALJ considered Dr. Lynch's report. Nevertheless, the ALJ did not specifically address Dr. Lynch's statement that Plaintiff was unable to work due to anxiety symptoms. Social Security Ruling 96-8p provides that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. The ALJ found that Plaintiff had a physical RFC consistent with the written RFC assessment made by Plaintiff's own treating physician. See Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)("A treating physician's opinion generally is favored over that of a consulting physician."). But the ALJ provided no explanation for his implicit rejection of Dr. Lynch's opinion concerning the severity of Plaintiff's mental impairments and the conflicting RFC assessment of Plaintiff's mental RFC for work. This is error warranting reversal and a remand to allow the ALJ to make specific findings explaining his treatment of Dr. Lynch's opinion.

V. ALJ's Step Four Findings

Plaintiff asserts that the ALJ's decision does not reflect the requisite findings concerning the physical and mental demands of Plaintiff's previous jobs. At step four, the ALJ is required to determine whether the claimant retains the RFC to perform the

requirements of all past relevant work. The claimant bears the burden of proving an inability to perform the duties of the claimant's past relevant work. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993). Nevertheless, the ALJ must "make findings regarding 1) the individual's [mental and physical RFC], 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation, given his or her [RFC]." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). At the second phase of the step four analysis, "the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir. 1996)(quoting SSR 82-62). An ALJ can comply with step four's requirements if he or she relies on information supplied by the VE or quotes the VE's testimony with approval. Doyal, 331 F.3d at 760-761; Winfrey, 92 F.3d at 1025. Nevertheless, "the ALJ himself [or herself] must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." Winfrey, 92 F.3d at 1025. "It is improper for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the [VE]." Doyal, 331 F.3d at 761. "[I]n such cases, 'the remainder of the step four assessment takes place in the VE's head' and 'we are left with nothing to review.'" Id. (quoting Winfrey, 92 F.3d at 1025).

At step four, the ALJ set forth his RFC findings, which adopted the functional physical limitations contained in Dr. Leckman's RFC assessment. (TR 20). The ALJ added an additional nonexertional restriction of "limited social interaction with the general public

8

but [Plaintiff] can deal with supervisors and coworkers." (TR 20). The ALJ did not include in the decision any specific findings concerning the physical and mental demands of Plaintiff's previous jobs. The ALJ stated only that "[i]n comparing the claimant's [RFC] with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed." (TR 22). The ALJ's failure to make the necessary findings regarding the physical and mental demands of Plaintiff's past relevant work was legal error under Winfrey, supra. The error is not harmless and warrants reversal and a remand for further proceedings. Cf. Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994)(affirming step five disposition despite error at step four).

VI. ALJ's Step Five Findings

The ALJ proceeded to step five of the required analysis and determined that even if Plaintiff was unable to perform his previous jobs there were other jobs available in the economy which he could perform given his RFC for work. (TR 22). At step five, as Plaintiff correctly points out, it is the Commissioner's burden to establish that claimant has the capacity to perform other work that is available in the national economy, in light of his age, education, and work experience. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). Plaintiff contends that substantial evidence does not support the ALJ's alternative step five finding. Specifically, Plaintiff contends that the ALJ did not discuss in the decision the issue of transferability of skills or recognize and discuss the additional findings that should have been made as to the issue of transferability of skills in light of Plaintiff's advanced age.

With respect to Plaintiff's application for Title II disability insurance benefits,

9

Plaintiff was 57 years old at the time his insured status expired on March 31, 2008.(TR 146). With respect to his application for Title XVI supplemental security income benefits, Plaintiff was 58 years old at the time of the ALJ's decision on December 11, 2008. Under Social Security Administration regulations, Plaintiff was a person of "advanced age." 20 C.F.R. §§404.1563(e), 416.963(e). The agency recognizes that advanced age is "an increasingly limiting factor in [a claimant's] ability to make . . . an adjustment [to other work.]" 20 C.F.R. §§ 404.1563(a), 416.963(a). Accordingly, if a claimant is of advanced age and is limited to only light or sedentary work, the claimant will be considered unable to make the adjustment to other work at step five unless the claimant has acquired skills in the claimant's past work that can be transferred to other skilled or semiskilled jobs that the claimant can perform despite his or her impairments. 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4).

In his decision, the ALJ found at step five that Plaintiff "was not disabled because there is other work he could perform" and listed the jobs identified by the VE at the supplemental hearing. (TR 22). This is the extent of the ALJ's alternative step five disposition. The only jobs identified by the VE at the supplemental hearing in response to a hypothetical inquiry, and relied on by the ALJ in his decision, are sedentary jobs.[3] Under the regulations, if a claimant of advanced age is limited to sedentary work, the ALJ can find that the claimant's skills are transferable to other skilled or unskilled sedentary jobs "only

---

[3]Sedentary jobs are defined as jobs involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. A sedentary job involves mostly sitting and may also involve occasional walking and standing in carrying out job responsibilities. 20 C.F.R. §§ 404.1567(a), 416.967(a).

if the sedentary work is so similar to [the claimant's] previous work that [the claimant] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4); see also 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.00(f). The ALJ's decision does not reflect that he satisfied the burden of proof required for the step five determination. "[T]he ALJ never raised with the vocational expert the significance of [the claimant's] advanced age and the resulting vocational adjustment issue." Nielson v. Sullivan, 992 F.2d 1118, 1121 (10th Cir. 1993). Thus, the VE provided no opinion concerning the vocational adjustment that would be required for Plaintiff to transfer his skills to other jobs.

The ALJ made no findings concerning the skills Plaintiff may have obtained in his previous jobs, although it may be inferred from the decision that the ALJ found Plaintiff had obtained some type of transferable skills. This alone is error. Jensen v. Barnhart, 436 F.3d 1163, 1166 (10th Cir. 2005)("[W]hen the ALJ determines that job skills are transferable, he or she must provide findings of fact to support that decision and must identify the acquired job skills and the positions to which those skills are transferable."). Moreover, "[a] finding of transferability, alone, does not satisfy the [Commissioner's] regulations requiring very little vocational adjustment. . . . When the transferability of skills arises with respect to a claimant of advanced age, the ALJ must present the [VE] with a hypothetical that asks whether or not the skill is transferable with little or no vocational training or job orientation." Id. Additionally, the ALJ must "make findings specifically targeted at the level of vocational adjustment needed for [the claimant] to enter potential [identified] positions . . . ." Id. at

1121-1122. See Dikeman v. Halter, 245 F.3d 1182, 1188 (10th Cir. 2001)(holding that ALJ "must make findings as to the vocational adjustment required for [advanced age] plaintiff to perform other, semiskilled jobs within her RFC"). This error warrants reversal of the Commissioner's decision and a remand for further administrative proceedings. See Webster v. Barnhart, 187 Fed. Appx. 857, 2006 WL 1806609, *4 (10th Cir. July 3, 2006)(unpublished op.).

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter REVERSING the decision of the Commissioner and REMANDING the case for further proceedings consistent with this Report and Recommendation. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____ March 22nd ___, 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this _____2nd_____ day of _____March_____, 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE