# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD F. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-0520-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The court previously entered an order and judgment reversing and remanding this case for further administrative proceedings. Upon remand the Commissioner of the Social Administration issued a favorable decision finding that plaintiff has been disabled since February, 2005 and is entitled to past-due benefits of $67,946.00. Plaintiff then filed a motion pursuant to 42 U.S.C. § 406(b)[1] seeking attorney's fees in the amount of $16,986.00,[2] which is 25 percent of the past-due benefits. Defendant did not respond to plaintiff's fee request, thereby confessing it. LCvR7.1(g).

The Tenth Circuit held, in <u>Wrenn ex rel.Wrenn v. Astrue</u>, 525 F.3d 931 (10th Cir. 2008), that Congress did not intend to limit representative fees before the court and agency to an aggregate 25 percent of past-due benefits. "The language in both sections is clear and

---

[1]*Section 406(b)(1)(A) provides in pertinent part: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ...."*

[2]*The motion is timely, filed six days after the Notice of Award was issued.*

unambiguous. Section 406(a)(2) sets the ceiling under which the Commissioner may approve a contingent-fee agreement between the claimant and her attorney, i.e., the lesser of 25% or $5,300. Section 406(b), on the other hand, sets the limit on otherwise reasonable fees for representation before a court." *Id*. at 936. Under Wrenn, plaintiff's counsel is entitled to a reasonable fee in an amount that does not exceed $16,986.50.

The requested fee is within the statutory cap. While the fee sought approaches the outer limits of "reasonableness", the court finds, considering the contingent nature of the fee agreement, See Doc. #34, Exhibit 1, the time expended by counsel on the case,[3] *id.,* Exhibit 4, and the results reached, that $16,986.50 is a reasonable fee. *See* Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Accordingly, plaintiff's motions asking the court to reopen the judgment [Doc. #33] and award attorney's fees [Doc. #34] are **GRANTED**. The court approves an award of attorney's fees under 42 U.S.C. §406(b) in the amount of $16,986.50 to plaintiff's attorney, Steve A. Troutman of the firm Troutman & Troutman, P.C. Once paid in full, counsel shall

---

[3]*The court has examined the time records previously submitted by counsel in conjunction with plaintiff's Equal Access to Justice Act fee request. See Doc. Nos. 31, Exhibit 1; 34 , Exhibit 4. They reflect 28.5 hours of attorney work,, plus 4.4 intern and paralegal hours.*

refund to plaintiff the excess Equal Access to Justice Act fee award as required by law.

**IT IS SO ORDERED**.

Dated this 31st day of May, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE